UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NADEEM BASHIR,

                  Plaintiff,

  -against-

IQBAL & SONS FUEL, INC., SHAHID NADEEM
FUEL, INC., SHAHID IQBAL, and SANAN IQBAL,

                  Defendants.

Case No.: 19-cv-3506

## SETTLEMENT AGREEMENT AND RELEASE

      Plaintiff Nadeem Bashir ("**Plaintiff**") and Defendants Iqbal & Sons Fuel, Inc. ("**ISF**"), Shahid Nadeem Fuel, Inc. ("**SNF**"), Shahid Iqbal ("**Shahid**"), and Sanan Iqbal ("**Sanan**") (collectively, the "**Defendants**", and with Plaintiffs, the "**Parties**") hereby agree upon this Settlement Agreement and General Release ("**Agreement**") as a resolution of all issues involved herein as follows:

      1.    **Preliminary Matters**. Plaintiff has reviewed the terms of this Agreement, has had the opportunity to confer with his legal counsel, including Daniel Knox of Knox Law Group, P.C. (hereinafter "**Plaintiffs' Counsel**"), and/or other advisors of his own choosing in order to obtain advice with respect to the terms of this Agreement. Prior to signing this Agreement, Plaintiff has had the opportunity to consider his counsel's advice with respect to the foregoing Agreement. Plaintiff enters into this Agreement voluntarily and with a full understanding of its terms. Plaintiff believes that the Agreement fairly and accurately provides for the payment of all sums due to him, as well as additional monies in consideration for his execution of the Agreement. Given the promises set forth in the Agreement, Plaintiff represents and warrants that he now has been properly paid for all time worked during their employment by ISF, Shahid and Sanan, and acknowledges and agrees that he will no longer have any entitlement to any wages, overtime, bonuses, commissions, gratuities, reimbursements, payouts, severance pay, vacation pay, or other compensation or benefits from these defendants.

      Defendants have reviewed the terms of this Agreement, have had the opportunity to confer with their legal counsel, including Aaron Goldsmith, Esq., and/or other advisors of their own choosing in order to obtain advice with respect to the terms of this Agreement. Prior to signing this Agreement, Defendants have had the opportunity to consider their counsel's advice with respect to this Agreement. Defendants enter into this Agreement voluntarily and with a full understanding of tis terms. Defendants believe that the Agreement fairly and accurately provides for the resolution of any and all disputes between themselves and Plaintiff in consideration for their execution of the Agreement. Given the promises set forth in the Agreement, Defendants

1

represent and warrant that there is no outstanding debt owed to any Defendant by Plaintiff by virtue of a loan or otherwise.

2. **Dismissal of the Pending Action**. For and in consideration of the promises outlined in this Agreement, the sufficiency of which Plaintiff acknowledges, Plaintiff agrees: (1) to dismiss with prejudice, or cause to be dismissed with prejudice, his claims asserted against Defendants in the litigation styled *Nadeem Bashir v. Iqbal & Sons, et al.*, Case no. 19-cv-3506 (the **"Pending Action"**); (2) not to file or re-file the claims asserted in the Pending Action, or any other wage and hour claims against Releasees (as defined below) arising from any employment-related or other matters that were encompassed or could have been encompassed or raised in the Pending Action; and (3) not to institute any action against any Releasees in any court or other forum based on allegations or claims that are released as set forth in this Agreement. The Parties expressly authorize their counsel to submit any papers to the Court that are necessary to effectuate the dismissal of the Pending Action against Defendants and a release of Plaintiffs' claims as specified herein.

3. **Consideration**. Defendants agree to pay Plaintiff and his attorney the total sum of Seventy Thousand Dollars and Zero Cents ($70,000.00) as set forth and allocated in Section 6 below (hereinafter the "**Settlement Payment**"), and other good and valuable consideration as described below.

The Parties acknowledge and agree that the Settlement Payment includes attorneys' fees, costs, penalties, and liquidated damages. If required by the Court, the Parties agree that Plaintiff's Counsel may petition the Court for approval of attorneys' fees and costs. All fees and costs shall come out of the Settlement Payment. Defendants will not oppose this application for attorneys' fees and/or costs, including any appeal or request for reconsideration if the application is denied or modified by the Court, provided it does not increase the Settlement Payment. The substance of Plaintiff's Counsel's application for attorneys' fees and costs is not part of this Agreement and is to be considered separately from any consideration by the Court of the fairness, reasonableness, adequacy, and good faith of the settlement of the Pending Action. The outcome of any proceeding related to Plaintiff's Counsel's application for attorneys' fees and costs shall not terminate this Agreement or otherwise affect the Court's final approval and dismissal with prejudice of the Pending Action.

4. **Release**. In consideration of the promises, payments and actions of Defendants set out in this Agreement and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiff agrees to dismiss the Pending Action, with prejudice, and release, waive, acquit and forever discharge the Defendants, their predecessors, successors, parents, subsidiaries, assigns, agents, directors. officers, employees, representatives, insurers, attorneys, and all persons acting by, through, under or in concert with any of them (hereinafter "**Releasees**"), from any and all charges, complaints, claims. controversies, demands, rights, disputes, and causes of action of any nature whatsoever, known or unknown. asserted or un-asserted, accrued or not accrued, arising before or existing when this Agreement is executed, which the Plaintiff may have or claim to have against the Releasees.

In consideration of the promises and actions of Plaintiff set out in this Agreement and other good and valuable consideration, the receipt of which is hereby acknowledged, Defendants release, waive, acquit and forever discharge the Plaintiff, and his respective Releasees from any and all charges, complaints, claims, controversies, demands, rights, disputes, and causes of action of any nature whatsoever, known or unknown, asserted or un-asserted, accrued or not accrued, arising before or existing when this Agreement is executed, which any Defendant may have or claim to have against the Plaintiff.

Nothing in this Agreement shall infringe on Plaintiffs' ability to testify, assist or participate in an investigation, hearing or proceeding conducted by or to file a charge or complaint of discrimination with the National Labor Relations Board, U.S. Equal Employment Opportunity Commission or comparable state or local agencies. These agencies have the authority to carry out their statutory duties by investigating the charge or complaint, issuing a determination, filing a lawsuit in federal or state court in their own name, or taking any other action authorized by law. However, Plaintiffs are precluded from receiving compensation as a result of any such action.

5.   **Plaintiffs' Responsibility for Taxes**. Plaintiff assumes full responsibility for his respective portion of the Settlement Payment of any and all federal, state and local taxes with respect to the monies paid by Defendants to Plaintiff and/or Plaintiff's' Counsel pursuant to this Agreement.
.
6.   **Payment**.

A.   In consideration of the promises of Plaintiff set forth herein, Defendants shall issue the Settlement Payment set forth in Section 3 as a full and complete settlement and final satisfaction of any and all claims concerning wages and hours worked that Plaintiffs have or may have against Releasees as set forth in Section 4, through the date of execution of this Agreement, as well as any claim for attorneys' fees and costs. The Settlement Payment shall be delivered to Plaintiffs' Counsel as follows:

(i)   <u>Payment 1</u>: Within thirty (30) days of approval by the Court of this Agreement and the Court's dismissal of the Pending Action with prejudice, Defendants shall make their first settlement payment (the "**Initial Settlement Payment**") for the sum of Twenty Thousand Dollars ($20,000.00), payable to Plaintiff's Counsel, as attorney.

(ii)   <u>Payments 2 Through 11</u>: Thirty (30) days after the Initial Settlement Payment, Defendants shall make the first of eleven (11) equal installment payments (the "**Installment Payments**") for the sum of Five Thousand Dollars ($5,000.00) each, with each subsequent Installment Payment to be made no later than the 15th date of each subsequent month.

B.   To the extent any Settlement Payment due date above falls on a weekend or court holiday, the date such payment shall be due will be the next business day that is not a weekend or court holiday. Nothing contained in this Agreement shall preclude or limit Defendants'

right to make prepayment of any settlement amounts set forth in this Agreement without penalty.

       C.     In no event shall any Settlement Payment under Sections 3 and 6 of this Agreement be due until the Pending Action is fully and finally dismissed against Defendants with prejudice. The Parties agree that this settlement agreement is a fair and reasonable resolution of a bona fide dispute for unpaid wages.

      7.     **Default.**  The Court shall retain jurisdiction pursuant to Section 8 below and the other terms of this Agreement in the event of Defendants' failure to pay the Settlement Amount. In the event of default, Plaintiff shall serve a written notice (**"Default Notice"**) upon counsel for the Defendant by email, and Defendants' shall have five (5) business days from the date of delivery of the Default Notice to cure the default by making such payment.  If Defendant does not cure the default within five business days of the notice, Plaintiff and his Counsel shall have the right to a judgment against Defendants, jointly and severally, in the amount of Seventy Thousand Dollars ($70,000.00), together with interest at the rate of nine percent (9%) per annum accruing from the date of filing of the Pending Action, less any monies paid by Defendants at the time of default, plus reasonable attorneys' fees, costs and expenses incurred in enforcing this Agreement.  The Court shall retain and have authority and jurisdiction to enter such judgment or supplemental judgment in favor of Plaintiff and his Counsel.

      8.     **No Claims Filed.**  The Parties represent to one another, that other than the Pending Action, there are no pending matters, claims, charges, proceedings, complaints or actions against or with respect to any of the Releasees based upon any claims released under this Agreement filed or submitted by any Party or with their knowledge, or on their behalf against any other party hereto with any federal, state or local court, department or administrative or other agency. If any federal, state or local court, department, administrative or other agency assumes jurisdiction over any such matters, claims, charges, complaints or actions, any Party shall have the right to use this agreement to terminate such proceedings as to such Party. The Parties, if requested by counsel for any Party, immediately cooperate (within the bounds of the law) in such counsel 's efforts to take all actions necessary to cause said entity to terminate such proceeding without liability to any Releasees. The Parties further represent that they have not assigned or transferred or attempted to assign or transfer to any person any claim that they have had or may have against any of the Releasees

      9.     **Merger.**  The Parties hereto acknowledge that, by signing this Agreement, they have not relied upon any representations, promises or agreements made by any other Party or a representative thereof (including attorneys) that are not contained in this Agreement.

      10.     **Status of Settlement if Case is Not Ultimately Dismissed.**  In the event the Court fails to dismiss the Pending Action with prejudice as to Defendants as contemplated by this Agreement, this Agreement shall be null and void *ab initio*.  In such case, the Parties shall be returned to their respective statuses as of December 15, 2019 and the Parties shall proceed in all respects as if the Parties never executed the Agreement or any other stipulation during the pendency of the litigation.

      11.     **No Modification Except in Writing.**  This Agreement cannot be modified or changed except by a writing, signed by the parties, with specific reference to this Agreement.

12. **Severability.** With the exception of Section 4 above, if any provision of this Agreement or the application thereof is held invalid, such invalidation shall not affect other provisions or applications of this Agreement, and, to this end, the provisions of this Agreement are declared to be severable.

13. **Execution in Counterpart and Facsimile Signatures.** This Agreement may be executed in counterpart by each party and each executed Agreement, when taken together, shall constitute a complete Agreement. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for the purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

14. **Notices**. Except as otherwise provided in this Agreement, any notice, request, authorization, demand or other communication hereunder shall be in writing and shall be deemed to have been duly given if emailed to a party's counsel, mailed by registered or certified mail, return receipt requested, or via overnight delivery service, addressed to the respective address of each Party set forth below, or to such other address as each Party may designate by notice.

If to Plaintiffs:

>Knox Law Group, PC
>Attn: Daniel Knox, Esq.
>1 Penn Plaza, Suite 2430
>New York, NY, 10119
>Dknox@knoxlaw.nyc

If to the Defendants:

>Law Office of Marc Francis
>Attn: Aaron M. Goldsmith, Esq.
>147 E. 2nd Street, Suite 204
>Mineola York, New York 11501
>aarongoldsmithlaw@gmail.com

**IN WITNESS WHEREOF**, the Parties hereto have executed this Agreement as of the date written below:

**PLAINTIFF:**

_____          Dated: _____
Nadeem Bashir

**DEFENDANTS:**

IQBAL & SONS FUEL, INC.

_____ Dated: _____
By:
Authorized Representative

SHAHID NADEEM FUEL, INC.

_____ Dated: _____
By:
Authorized Representative

_____ Dated: _____
Shahid Iqbal

_____ Dated: _____
Sanan Iqbal